ALTENBERND, Judge.
K.D., the mother, and Z.H., the father, each appeal a final judgment terminating their parental rights to their twin boys, Z.C.(l) and Z.C.(2). This is the second appeal involving this termination proceeding. See Dep’t of Children & Family Servs. v. K.D., 88 So.3d 977 (Fla. 2d DCA 2012) (en banc). We conclude that we must reverse and remand for an evidentia-ry hearing.
In the first appeal, this court reviewed two trial court orders that had not terminated parental rights. Instead, the trial court had determined that grounds for termination had been proven but that the two children should be placed in a permanent guardianship with the maternal grandparents. This court issued an en banc opinion discussing at length the legal framework for an expedited petition to terminate parental rights concerning two children when only one child has been abused. Id.
In the en banc opinion, this court concluded that the trial court had properly determined that the Department of Children and Families (DCF) had proven a sufficient statutory ground for the termination of parental rights for each parent as to both children. But as a separate matter, we concluded that if the trial court elected not to terminate parental rights, it could not immediately place the children in a permanent guardianship. Id. at 988-89. We explained that if a court determines that termination is not the appropriate disposition for such a petition, the court’s options are limited by statute. It can either adjudicate the children dependent or simply dismiss the petition. Id. at 982; see § 39.811(1), Fla. Stat. (2009).[1] Accordingly, we reversed and remanded for a reconsideration of the issues of least restrictive means and manifest best interests and a decision by the trial court either to terminate parental rights or to elect one of the other options available to it. K.D., 88 So.3d at 989.
*879 On remand, the trial court and the parties disagreed as to whether additional evidence could be presented. The attorneys for DCF and each of the parents maintained that additional evidence should be received prior to a final determination of the issues of least restrictive means and manifest best interests. The attorney for the Guardian ad Litem Program maintained that additional evidence was unnecessary. Our opinion had instructed the trial court to reconsider the petition by “reapplying the manifest best interest and least restrictive means tests.” Id. at 989. The trial court decided that it should only “reapply” the tests to the existing evidence. Recognizing that we may have contributed to the confusion, we reverse and remand for another hearing at which the parties may present evidence prior to the final decision on the manifest best interests and least restrictive means prongs of the analysis.
Although additional evidence may be needed to determine the issue of least restrictive means, our primary concern is the trial court’s failure to obtain updated information before making a determination of the manifest best interests of each child under section 39.810. In the two original orders, the trial court had made findings on each of the eleven factors described in section 39.810 based on the conditions at the time of the orders in June 2010 when the twins were about twenty months old. At that time, the court determined that it was not in the manifest best interests of the children that the rights of their parents be “fully” terminated. In the order now on appeal, the trial court makes no new findings of fact but incorporates by reference its old findings even though it had earlier concluded that these findings did not support a termination of parental rights.
Because the rights of the parents to these two children were not terminated in 2010, the trial court needed to determine the least restrictive means of protecting the children from serious harm and the manifest best interests of the children under the conditions existing as of the time of the hearing when it actually terminated parental rights. It is useful to consider that a manifest best interests decision is not made to protect the legal rights of the parents; it is made to ensure the best interests of each child. When making an analysis under section 39.810, the trial court should reach its decision and state its findings based on evidence that is sufficiently current to support the decision and findings in the order of termination.
The final hearing on the order currently on appeal occurred when the twins were three years old. Under the original alternative placement plan, the twins had been placed in a permanent guardianship with the maternal grandparents. Between the hearings, this couple apparently had separated and the children were living with their maternal grandfather, who wished to adopt them but had not yet passed a home study.[2] The children’s father apparently was no longer involved in the family. The twins have an older half-sibling who is now seven years old and has always lived with the mother. The mother is now about twenty-eight years old and presumably has given birth to a fourth child during the pendency of this appeal.
If the trial court had considered the new circumstances, it might have concluded that termination of parental rights followed by adoption was the appropriate *880 remedy. On the other hand, we cannot say with certainty that the trial court would not have decided that the circumstances warranted an adjudication of dependency instead. Given the separation of the parents, it is possible that different approaches would be appropriate for each parent. Accordingly, we reverse and remand for the trial court to determine the issues of least restrictive means and manifest best interests, permitting the parties to present additional evidence relevant to these issues.
Reversed and remanded.
LaROSE and VILLANTI, JJ., Concur.

. As our en banc decision described, the reference to "grounds for termination” in section 39.811(1) does not refer to a statutory ground under section 39.806 but rather to all of the elements that must be proven to entitle the State to terminate parental rights under section 39.802(4), Florida Statutes (2009).

. We limit this statement with "apparently” because the trial court did not conduct an evidentiary hearing. The record contains representations about significant changes in circumstances, but the trial court did not consider these changes in making its decision.